**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Crim. No. 20-CR-30018-MGM** |
| **v.** | |
| **JOHN MICHAEL RATHBUN,** | |
| **Defendants.** | |

GOVERNMENT'S MOTION FOR EXLCUDABLE DELAY

The United States of America, by Andrew E. Lelling, United States Attorney for the District of Massachusetts and Assistant United States Attorney Steven H. Breslow (the "Government"), respectfully moves this Court to grant a continuance of the time within which the trial of the charged offense must commence, and exclude the time period from July 13, 2020 through and including November 9, 2020, the tentative date on which the trial of this case is scheduled to begin, from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) on the ground that the ends of justice served by granting the requested continuance and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial. The Government further asks this Court to issue the attached proposed *Order on Excludable Delay*.

In support of this request, the Government states as follows:

1.      On May 27, 2020, Chief Judge Saylor issued General Order 20-21, titled "Second Supplemental Order Concerning Jury Trials and Related Proceedings." That Order continued all jury trials scheduled to begin on or before September 8, 2020, "[i]n light of the public emergency arising out of the coronavirus epidemic, and in order to protect public health." *See* General Order

20-21, May 27, 2020.[1]  The Order further provides that, "[t]he time period of any continuance entered as a result of this order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial." *Id*.

2.      On June 23, 2020, the Grand Jury indicted the defendant John Michael Rathbun ("Rathbun").  D.34.  On June 29, 2020, Magistrate Judge Katherine A. Robertson conducted the defendant's arraignment and scheduled a final status conference for July 16, 2020.  D.40.  On August 3, 2020, Magistrate Judge Robertson conducted the final status conference and scheduled a pre-trial conference for September 1, 2020.  D.50.

3.      Although the defendant opted out of automatic discovery, during the period of June 23, 2020 to September 1, 2020, the Government provided substantial Rule 16 discovery to the defense and responded to its requests for additional information.  On September 1, 2020, the Court conducted a pre-trial conference, informed the parties that it would be reviewing potential trial dates, and scheduled another conference for September 14, 2020.  D.53.  On September 14, 2020, the Court conducted a conference and tentatively scheduled the trial to start on November 9, 2020.

4.      In this district, "[t]he postponement of all jury trials scheduled to begin before September 8, 2020 has resulted in a backlog of trials. The Court has issued petit jury summonses and expects to resume jury trials beginning on or around September 29, 2020 with significant precautions in place to protect the health of all participants in the trial, including jurors, witnesses, court personnel, defendants, and court security officers.  The Court is giving priority to criminal cases in which the defendant or defendants are detained pending trial, generally scheduling cases

---

[1] http://www.mad.uscourts.gov/general/pdf/announce/Gen.Order20-21Coronavirus-SecondSupp.OrderConcerningJuryTrialsandOtherProceedings05272020.pdf.

for trial in the order in which the defendants were arraigned." *United States v. Velez*, 19-CR-30059-MGM, 2020WL 5440626 at *3 (D. Mass. Sept. 10, 2020)

5.    Given other cases in which defendants have been detained substantially longer than this defendant and the ongoing public health emergency, scheduling the defendant's trial for November 9, 2020 serves the "ends of justice" within the meaning of 18 U.S.C. § 3161(h)(7)(A) because it would allow for the parties to prepare for the trial and will allow the trial to be conducted on a date and in a manner that is appropriate in light of the ongoing COVID-19 pandemic.    *See, e.g., Velez*, 2020WL 5440626 at *3 (stating "[n]umerous federal district courts across the country have excluded time from the Speedy Trial Act calculation in the interests of justice when, as in this case, the delay is directly attributable to the impact of the pandemic on the operations of the court."); *United States v. Akula*, 19-CR-30039-MGM (D.84).

6.    Accordingly, the Government requests an order excluding the period between June 23, 2020 and November 9, 2020 excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:    */s/ Steven H. Breslow*
          STEVEN H. BRESLOW
          Assistant U.S. Attorney

Dated:  September 15, 2020

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Crim. No. 20-CR-30018-MGM |
| JOHN MICHAEL RATHBUN, | |
| Defendant. | |

## ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

**September \_\_\_, 2020**

MASTROIANNI, D.J.

Upon consideration of the Government's motion seeking an order of continuance and excludable delay, the Court finds as follows:

1. On May 27, 2020, Chief Judge Saylor issued General Order 20-21, titled "Second Supplemental Order Concerning Jury Trials and Related Proceedings." That Order continued all jury trials scheduled to begin on or before September 8, 2020, "[i]n light of the public emergency arising out of the coronavirus epidemic, and in order to protect public health." *See* General Order 20-21, May 27, 2020.[2] The Order further provides that, "[t]he time period of any continuance entered as a result of this order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial." *Id*.

2. On June 23, 2020, the Grand Jury indicted the defendant John Michael Rathbun ("Rathbun"). D.34. On June 29, 2020, Magistrate Judge Katherine A. Robertson conducted the defendant's arraignment and scheduled a final status conference for July 16, 2020. D.40. On August

---

[2] http://www.mad.uscourts.gov/general/pdf/announce/Gen.Order20-21Coronavirus-SecondSupp.OrderConcerningJuryTrialsandOtherProceedings05272020.pdf.

3, 2020, Magistrate Judge Robertson conducted the final status conference and scheduled a pre-trial conference for September 1, 2020. D.50.

3.      Although the defendant opted out of automatic discovery, during the period of June 23, 2020 to September 1, 2020, the Government provided substantial Rule 16 discovery to the defense and responded to its requests for additional information. On September 1, 2020, the Court conducted a pre-trial conference, informed the parties that it would be reviewing potential trial dates, and scheduled another conference for September 14, 2020. D.53. On September 14, 2020, the Court conducted a conference and tentatively scheduled the trial to start on November 9, 2020.

4.      Given other cases in which defendants have been detained substantially longer than this defendant and the ongoing public health emergency, scheduling the defendant's trial for November 9, 2020 serves the "ends of justice" within the meaning of 18 U.S.C. § 3161(h)(7)(A) because it would allow for the parties to prepare for the trial and will allow the trial to be conducted on a date and in a manner that is appropriate in light of the ongoing COVID-19 pandemic.

Accordingly, the Court hereby grants the Government's motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases*, the case be continued and that the period from June 23, 2020 through and including November 9, 2020, the tentative date of the trial of this case, be excluded from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

Nothing in this Order prohibits the defendant from seeking further review of his pending detention order.

_____
**MARK G. MASTROIANNI**
**UNITED STATES DISTRICT JUGE**