**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **No. 20-CR-30018-MGM** |
| **JOHN MICHAEL RATHBUN,** | |
| **Defendant.** | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REVOKE
THE COURT'S DETENTION ORDER

The United States of America, by and through its counsel, Andrew E. Lelling, United States Attorney for the District of Massachusetts, Steven H. Breslow, Assistant United States Attorney, and Risa Berkower, Trial Attorney, U.S. Department of Justice (the "Government"), respectfully opposes the defendant's motion to revoke the court's detention order (D.59). The defense argues that because changed circumstances bear materially on the issue of detention, the defendant should be released pending trial. To the contrary, the Government's case has strengthened, not weakened, and therefore the defendant should remain detained.

1.      There is no new information that bears materially on the issue of detention

Title 18, United States Code, Section 3142(f) provides: "The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

Here, there is no new information that warrants the defendant's release. The defense

contends first that the Government has failed to uncover any evidence of motive, such as ties to the online white supremacist activity that was discussed in the affidavit of Special Agent Ryan McGonigle ("Affidavit") in support of the Government's initial Complaint. However, those ties were not the basis upon which the Government sought detention in this case, and therefore the absence of any such evidence does not identify a changed circumstance from the time of the Court's detention order. Indeed, the Affidavit specifically stated that no such ties were known to the government: "The FBI has not yet determined whether Rathbun has been involved in any way with the Organization or in any other white supremacist activities. The FBI's investigation is ongoing." Affidavit (D.1-1), at p. 5, n. 1. Moreover, the Government did not suggest otherwise during its argument before the Court, nor did the Court rely upon those white supremacist activities as a basis to detain the defendant. The Government concedes that it has still not developed any evidence linking Rathbun to online anti-Semitic or white supremacist activity, but that is not a changed circumstance at all. Moreover, the evidence indicating that the defendant's conduct was religiously motivated has not changed: the defendant's blood was identified on a religious proselytizing pamphlet that was used as the wick in a homemade incendiary device; that device also had his bloody fingerprint on its handle; and the device was placed at the entrance to a Jewish-sponsored elderly health care facility, Jewish Geriatric Services LifeCare ("JGS"). Further investigation has strengthened this evidence, not undermined it, and it certainly does not present a changed circumstance that warrants pre-trial release.

The defense next contends that "Rathbun has an ironclad alibi, supported by immutable digital evidence, that he was in East Springfield and Indian Orchard at the time the gas can was placed at the scene, miles away from Ruth's House and the site where the gas can was found." The defense is mistaken here as well. First, the defense does not identify "the time the gas can

2

was placed at the scene," because it cannot do so. The defense argument is based upon a contention that at approximately 4:51 a.m., a Longmeadow Police Department cruiser departed down the driveway of JGS and its front camera did not appear to show the incendiary device on the periphery; and at various times after approximately 5:15 a.m. (but by no means continuously) until the discovery of the device at approximately 8:30 a.m., cell site location information for Rathbun's cell phone indicated that his phone (and therefore, he) was in East Springfield and Indian Orchard. But critically, this same cell site location information established that at 5:01 a.m., Rathbun's cell phone was located approximately a five minute drive from the scene of the crime, consistent with him stopping at JGS to place the device as he drove along the quickest route between his home and his destination in East Springfield. In this way, the Government's case has strengthened, since at the time of the detention hearing, the Government did not have any evidence that the defendant was out of his house that morning; to the contrary, on the day of his arrest, the defendant had (falsely) insisted that he had not left the house for the past two weeks. Notably, the defense does not challenge the key piece of the Government's evidence – that Rathbun's blood was found on both the pamphlet and the handle of the diesel canister. Lastly, even assuming *arguendo* the defense claim that the defendant could not have placed and ignited the container, the Indictment, which the Grand Jury returned after the Court detained the defendant, charges the arson counts on an aiding and abetting theory, whereas the initial Complaint did not.

The defense points to other facts, but these also do not bear materially on the issue of detention. For example: (1) that the diesel canister was filled with one and a-half gallons of gasoline does not undermine the Government's case, particularly where the arson charges are framed as attempts; and (2) that the Complaint mistakenly identified the residential facility located

3

50 yards away from the device as Ruth's House rather than Genesis House, is immaterial.[1]  In any event, the device was placed on JGS grounds within feet of a pedestrian walkway and the main driveway entrance to JGS, thus posing the potential to "intimidate any individual and unlawfully . . . damage . . . any vehicle, and other real and personal property."  18 U.S.C. § 844(d).

2.   Conclusion

The Court correctly detained the defendant because it found that no condition or combination of conditions will reasonably assure the safety of any other person and the community, and that the factors identified in 18 U.S.C. § 3142(g) weighed in favor of detention. As the Court noted when it detained the defendant, his blood was found on a homemade incendiary device that was placed mere feet away from a public walkway, and then an attempt was made to ignite the device. The offense was grave and the evidence is powerful; the defendant's personal history, including his criminal history and history of erratic behavior and drug abuse, is deeply troubling; the defendant committed the charged offenses while on state probation; and the defendant's release would return him to the conditions in which he committed the crime: at home and just a few minutes' drive from JGS.

For the preceding reasons, the Government respectfully requests that Court deny the defendant's motion to revoke his release.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

---

[1] Ruth's House is a nursing facility located further up the driveway from the location where the device was placed. Genesis House, which is an apartment building for low income seniors that is also owned by JGS, was the closest building to the device, approximately 50 yards away.

By:     */s/ Steven H. Breslow*
STEVEN  H. BRESLOW
(NY2915247)
Assistant  U.S. Attorney
300 State Street, Suite 230
Springfield,  MA 01105
413-785-0330
steve.breslow@usdoj.gov

By:     */s/ Risa Berkower*
RISA BERKOWER
(NY4536538)
Trial  Attorney
Civil  Rights  Division
U.S. Department  of Justice
950 Pennsylvania  Avenue  NW
Washington,  D.C. 20530
202-305-0150
Risa.Berkower@usdoj.gov

## Certificate of Service

I hereby certify  that this document  filed  through  the ECF system will  be sent electronically to the registered  participants  as identified  on the Notice of Electronic  Filing  and paper copies will  be sent to those indicated  as non-registered  participants.

By:     */s/ Steven H. Breslow*
STEVEN  H. BRESLOW
Assistant  U.S. Attorney

Dated:  September 27, 2020

5