UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-30018-MGM |
| | ) | |
| JOHN RATHBUN | ) | |

**MOTION IN LIMINE TO PROHIBIT GOVERNMENT FROM ADVANCING AN
AIDING AND ABETTING THEORY AT TRIAL**

As the Court is aware, defendant has noticed and will pursue an alibi defense at trial. The undisputed evidence will establish that the fuel container purported to be an incendiary device was left at the scene in East Longmeadow no earlier than 4:51 a.m. on April 2, 2020, and no later than 8:30 a.m. Cell Site Location Information and other evidence will place Rathbun at locations miles away from the site during this period of time, making it extremely improbable, if not functionally impossible, that Rathbun could have placed the container at the site. Faced with this reality, the government has indicated that it may pivot and argue to the jury that it can find Rathbun guilty on the theory that he aided and abetted an unidentified third person in committing the charged offenses. The theory, however, is untenable and the government must be prohibited from advancing it to the jury.

There will be no factual support at trial for accomplice liability. Notwithstanding months of investigation featuring a search of defendant's home, interviews with dozens of witnesses, and a ferocious exploration of both his and others' digital and social media, the government is bereft of any factual support whatsoever for a theory that it was another person who placed the fuel container on April 2. Not only does the government lack any evidence of a third person's involvement, there is no evidence that Rathbun joined in the intent of another to commit the charged offenses or had advanced knowledge of the planned offense – a necessary component of

aiding and abetting theory. Nor will the government be able to present any evidence that Rathbun performed some affirmative act that assisted the unidentified, amorphous "other" in committing the charged crimes. Lacking even an iota of admissible evidence, the government lacks a good faith basis for arguing aiding and abetting liability and the Court must preclude it from doing so.

## CONCLUSION

For the foregoing reasons, the Court must preclude the government from suggesting to the jury that it can find Rathbun guilty of the charges under an aiding and abetting theory. At a minimum, the government must be prohibited from referring to, or otherwise suggesting, an aiding and abetting theory of liability in its opening statement to the jury.

JOHN RATHBUN
By his attorneys,

/s/ Timothy G. Watkins
Timothy G. Watkins
Forest O'Neill-Greenberg
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 13, 2020.

/s/ Timothy G. Watkins
Timothy G. Watkins