UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          CRIMINAL NO. 20-30018-MGM
                                  )
JOHN RATHBUN                      )

## MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING THE BILLY GRAHAM EVANGELICAL ASSOCIATION PAMPHLET

The government has indicated that it intends to present several witnesses, including two from the Billy Graham Evangelical Association in South Carolina, to testify about the genesis of a Christian pamphlet, pieces of which were purportedly found in the spout of the fuel container that is the focus of trial. The Court should preclude the government from presenting such testimony because it is time-consuming, confusing, has no relevance to any issue at trial, is belied by witnesses it has interviewed, and will do nothing but inject undue prejudice into the trial of this matter.

## BACKGROUND

The government has conducted extensive investigation and interviews with those close to Rathbun and has been unable to unearth evidence of any white supremacist or anti-Semitic leanings by Rathbun that would provide an explanation, let alone motive, for an intent to destroy property at a Jewish nursing home or injure and intimidate. Faced with this reality, the government appears intent on proving – without a scintilla of evidence – that the entire Rathbun family harbored anti-Semitic animus. Upon information and belief,[1] the government's stacking of inferences and innuendo proceeds as follows:

---

[1] The government has indicated that it is still investigating factual support for its theory of admissibility. Defendant reserves the right to supplement this Motion as it learns more about the government's intentions.

- The pages stuffed into the nozzle of the fuel container were from a pamphlet published by the Billy Graham Evangelical Association;

- Rathbun's parents helped organize and attended a Billy Graham Association prayer event in 2019;

- Rathbun's parents must have received the pamphlet at the 2019 event;

- Rathbun's parents must have passed the pamphlet along to Rathbun; and

- Rathbun's commission of the offense was incited by his family's passing on of the pamphlet.

The government's theory, however, is bereft of actual factual support. Discovery reveals that Rathbun's parents have denied ever seeing the pamphlet previously, let alone passing it along to Rathbun. More important, upon information and belief, witnesses have concurred with Rathbun's family's description of Rathbun, including the following:

- Rathbun attended church only infrequently and has not been to church in a while;

- Rathbun's interest in religion had waned in recent years;

- While Rathbun's parents discussed religion frequently, Rathbun did not often engage in religious conversations;

- Rathbun has never expressed anti-Semitic attitudes;

- Rathbun was a loner who was struggling with persistent substance abuse issues;

- Rathbun struggled with depression.

## **ARGUMENT**

The proffered evidence lacks any relevance. Given the remoteness of the evidence from the actual issue to be decided by the jury – whether Rathbun placed the fuel container at the site with the intention to damage property or to intimidate or injury persons - the genesis of the pamphlet has no logical relevance to the issue and must therefore be excluded. Fed. R. Evid. 401,

402. Moreover, it is extremely likely to confuse the jury. The government's focus in eliciting this testimony appears to be to show that Rathburn's *parents* were devout Christians, without shedding any light on Rathbun's purported animus. As important, the government's presentation of the evidence would contradict what every witness who has knowledge of the events at issue has confirmed: Rathbun was uninterested in Christian proselytizing, and regardless, neither of his parents passed him the pamphlet at issue. The government's insistence in presenting this evidence knowing that there is no evidentiary foundation for its desired inference is improper. *See United States v. Munyenyezi*, 781 F.3d 532, 541-42 (1st Cir. 2015) (recognizing the danger of undue prejudice from government questions at trial with no evidentiary foundation).

Even were there some probative value – there is none – Fed. R. Evid. 403 jurisprudential and fairness considerations mandate exclusion. To prove its fragile chain of inferences, the government will need to call several witnesses, including religious leaders, two of whom are from South Carolina. The testimony will highlight and spotlight religious issues that, as the government is keenly aware, will be untethered to the case because they have nothing to do with Rathbun. Quintessentially, it is evidence that risks confusing the issues, misleading the jury, causing undue delay, and wasting time. Fed. R. Evid. 403.

Finally, in addition to the lack of any probative value and jury confusion, introduction of tangential evidence invites an appeal to emotion, rather than an objective consideration of the actual charge in the indictment and so must be excluded as unfairly prejudicial pursuant to Rule 403. *See United States v. Fulmer*, 108 F.3d 1486, 1497-98 (1st Cir. 1997) (reversing conviction where references to the Oklahoma City bombing, while of some probative value, were tremendously outweighed by prejudicial impact); *United States v. Rodriguez-Cortes*, 949 F.2d 532, 541 (1st Cir. 1991) (reversing conviction where introduction of defendant's Colombian

identification card, although relevant, presented impermissible danger of conviction on improper basis).

## CONCLUSION

For the foregoing reasons, this Court should preclude the government from presenting testimony regarding the genesis of the Billy Graham Evangelical Association Pamphlet.

JOHN RATHBUN
By his attorneys,


/s/ Timothy G. Watkins
Timothy G. Watkins
Forest O'Neill-Greenberg
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061


## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 13, 2020.

/s/ Timothy G. Watkins
Timothy G. Watkins