UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-30018-MGM |
| | ) | |
| JOHN RATHBUN | ) | |

**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO
ADMIT CHARACTER AND BAD ACT EVIDENCE [D.E. 80]**

The government proposes to introduce certain instances of bad act evidence at trial in its

effort to prove that Rathbun is erratic, volatile, and/or irrational and therefore must have placed

the fuel container at the location on Converse Street in Longmeadow. *See Government's Motion*

*in Limine to Admit Evidence Rebutting Defense Arguments* ("Gov't Motion") [D.E. 80].

Defendant opposes. The government acknowledges that it seeks to admit the evidence as

germane to "the defendant's past conduct and character," *id.* at 1, because otherwise there will

likely be "no explanation for why the defendant placed the incendiary device at JGS [sic].[1]" *Id.*

at 6. The proffered evidence and testimony is irrelevant and, in any case, patently violates Fed.

R. Evid. 404's prohibition on bad act and character evidence. It must therefore be excluded.

I.        **THE PROFFERED EVIDENCE AND TESTIMONY LACK RELEVANCE**

Rathbun is not charged substantively with any of the alleged prior bad acts and the jury

will not be asked to decide whether he did any of them; rather, the sole issue at trial is whether

Rathbun placed the fuel canister at the scene with the intent to damage property or injure

persons.  Given the remoteness of any of the evidence from the actual issue to be decided by the

---

[1] Although the government's theory of who or what the target of the purported offense was has shifted throughout its prosecution of Rathbun, the current version set forth in the indictment suggests that the target was Genesis House, a specific building on the campus of Jewish Geriatric Services. *See* Superseding Indictment [D.E. 82], ¶ 2.

jury, the events the government seeks to introduce have no logical relevance to the issue and must therefore be excluded.  Fed. R. Evid. 401, 402. In addition to the complete lack of probative value, introduction of such tangential evidence will result in an appeal to emotion, rather than an objective consideration of the actual charge in the indictment, and so must be excluded as unfairly prejudicial. *See United States v. Fulmer*, 108 F.3d 1486, 1497-98 (1st Cir. 1997) (reversing conviction where references to the Oklahoma City bombing, while of some probative value, tremendously outweighed by prejudicial impact); *United States v. Rodriguez-Cortes*, 949 F.2d 532, 541 (1st Cir. 1991)(reversing conviction where introduction of defendant's Colombian identification card, although relevant, presented impermissible danger of conviction on improper basis).  Regardless of the probative value – with is zero - the evidence must also be excluded pursuant to Fed. R. Evid. 403.

## II.  <u>THE EVIDENCE IS PROHIBITED BY FED. R. EVID. 404</u>

Rule 404 is clear. It prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Yet from the government's motion in limine it is quite clear that this is precisely what it intends the proffered testimony to do. *See* Gov't Motion at 8 ("these incidents show that, in the weeks leading up to the charge crimes, the defendant engaged in erratic, volatile, drug-induced behavior . . . it shows the defendant engaged in impulsive and seemingly irrational behavior shortly before the offense."). The testimony patently violates Rule 404. Independent of the lack of any probative value –there is none – and the impermissible danger of conviction on improper basis – which is high – the testimony must be excluded pursuant to the clear command of Fed. R. Evid. 404.

- 2 -

JOHN RATHBUN
By his attorneys,


/s/ Timothy G. Watkins
Timothy G. Watkins
Forest O'Neill-Greenberg
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061


## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 19, 2020.

/s/ Timothy G. Watkins
Timothy G. Watkins