**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **No. 20-CR-30018-MGM** |
| **JOHN MICHAEL RATHBUN,** | |
| **Defendant.** | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*
TO PRECLUDE THE GOVERNMENT FROM REFERRING TO THE FUEL
CONTAINER AS AN "INCENDIARY DEVICE"

The United States of America, by and through its counsel, Andrew E. Lelling, United States

Attorney for the District of Massachusetts, Steven H. Breslow, Assistant United States Attorney,

and Risa Berkower, Trial Attorney, United States Department of Justice (the "Government"),

respectfully opposes defendant's Motion *In Limine* to Preclude the Government From Referring

to the Fuel Container as an "Incendiary Device" (D.77).

Citing no case law, the defendant's motion seeks to strike the term "homemade incendiary

device" from the Superseding Indictment and asks the Court to prohibit the Government from

using the term "incendiary device" at trial.  Because this motion seeks to exclude a term that is

included in the statutory text of the crimes charged in the Superseding Indictment, the motion

should be denied.

1.    Background

On the morning of April 2, 2020, a concerned citizen in Longmeadow called 911 after

observing a suspicious object near the entrance to Jewish Geriatric Services (JGS), which provides

a range of services to seniors, including assisted living, nursing home care, and federally-

subsidized affordable housing.  The object was located approximately fifty yards from the nearest

building on the JGS campus, Genesis House.[1]   When the Longmeadow Police and Fire Departments responded they found a yellow diesel fuel can with a paper wick, consisting of a Christian proselytizing pamphlet, stuffed into the neck of the can.  The officers smelled the odor of gasoline from the can and saw that the paper wick was charred, indicating that someone had tried to ignite the wick and the gasoline inside the can.

Following an investigation that matched the defendant's DNA to DNA taken from bloody fingerprint stains on two parts of the device found outside JGS — one on the charred proselytizing pamphlet, and one on the handle of the fuel can — the defendant was arrested.[2]

The defendant now faces trial on a three-count Superseding Indictment that charges him with two arson offenses arising from the placement of the device at JGS, in violation of 18 U.S.C. §§ 844(d) and 844(i), and one false statement charge arising from a voluntary FBI interview in which he lied to agents about his involvement in the placement of that device, in violation of 18 U.S.C. § 1001.  The fourth introductory paragraph of the Superseding Indictment, which is incorporated by reference in each of the charged counts, reads as follows:

> On the morning of April 2, 2020, the Longmeadow Police Department discovered a homemade incendiary device on or around the landscaped grounds of JGS, next to its primary driveway entrance, within feet of a widely used pedestrian walkway along Converse Street, and approximately 50 yards from Genesis House.[3]  The device consisted of a five-gallon Scepter fuel canister, approximately one-third filled with gasoline, and a partially charred Christian religious pamphlet in the nozzle of the canister.

---

[1] The affidavit in support of the defendant's Criminal Complaint mistakenly called this building Ruth's House.  Ruth's House is a different building on the JGS campus.

[2] The likelihood of each DNA match is 1 in 568 octillion.  One octillion is a number that contains 27 zeros, and is written as 1,000,000,000,000,000,000,000,000,000.

[3] Genesis House is a federally-subsidized senior living facility on the JGS campus.

2

Count 1 of the Superseding Indictment charges a violation of 18 U.S.C. § 844(d), which

provides that:

> Whoever transports or receives, or attempts to transport or
> receive, in interstate or foreign commerce any explosive
> with the knowledge or intent that it will be used to kill,
> injure, or intimidate any individual or unlawfully to damage
> or destroy any building, vehicle, or other real or personal
> property [shall be guilty of an offense].

Count Two of the Superseding Indictment charges a violation of 18 U.S.C. § 844(i), which

provides that:

> Whoever maliciously damages or destroys, or attempts to
> damage or destroy, by means of fire or an explosive, any
> building, vehicle, or other real or personal property used in
> interstate or foreign commerce or in any activity affecting
> interstate or foreign commerce shall be [guilty of an
> offense].

For purposes of both of these statutes, the term "explosive" is defined in 18 U.S.C. § 844(j):

> the term "explosive" means gunpowders, powders used for
> blasting, all forms of high explosives, blasting materials,
> fuzes (other than electric circuit breakers), detonators, and
> other detonating agents, smokeless powders, <u>other explosive
> or incendiary devices</u> within the meaning of paragraph (5) of
> section 232 of this title, and any chemical compounds,
> mechanical mixture, or device that contains any oxidizing
> and combustible units, or other ingredients, in such
> proportions, quantities, or packing that ignition by fire, by
> friction, by concussion, by percussion, or by detonation of
> the compound, mixture, or device or any part thereof may
> cause an explosion.

18 U.S.C. § 844(j) (emphasis added).  The statutory provision 18 U.S.C. § 232(5) that is referenced

in this definition further provides:

> The term "explosive or incendiary device" means (A)
> dynamite and all other forms of high explosives, (B) any
> explosive bomb, grenade, missile, or similar device, and (C)

> any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.

As the statutory text and its incorporated definitions make clear, the term "explosive" and "incendiary device" are an integral part of the crimes with which the defendant is charged.

The defendant now moves to strike the term "homemade incendiary device" from the Superseding Indictment and to preclude the Government from using the term "incendiary device" at trial. Because this term is relevant to the charges, is used in the statutes with which the defendant is charged, and is not unduly prejudicial, the motion should be denied.

2.      The Motion Should Be Denied

There is no legal authority, nor does the defendant cite any, that requires striking the term "incendiary device" from the indictment or from the Government's case-in-chief. Federal Rule of Criminal Procedure 7(d) permits, but does not require, a district court to strike surplusage from an indictment. Fed. R. Crim. P. 7(d) ("Upon the defendant's motion, the court may strike surplusage from the indictment"). However, "a motion to strike is subject to an exacting standard and should be granted 'only if the allegations are inflammatory, prejudicial, and irrelevant to the crime charged.'" *United States v. Sidoo*, --- F.Supp.3d ---, 2020 WL 3893053, at *5 (D. Mass. 2020) (quoting *United States v. Sawyer*, 878 F. Supp. 279, 294 (D. Mass. 1995)). "'The determinative question in a motion to strike surplusage is not the prejudice, but the relevance of the allegation to the crime charged.'" *United States v. Colburn*, --- F.Supp.3d ---, 2020 WL 4275465, at *1 (D. Mass. 2020) (quoting *Sawyer*, 878 F. Supp. at 294). Because of this, "[l]anguage in the indictment which is information the government, in good faith, intends to properly prove at trial cannot be

stricken as surplusage, no matter how prejudicial it may be." *United States v. El-Silimy*, 228 F.R.D. 52, 58 (D. Maine 2005).

Here, the defendant is charged with placing an explosive at JGS under circumstances that violate §§ 844(d) and (i). For both of these charges, the term "explosive" is defined by §844(j) to include "an explosive or other incendiary device." Accordingly, use of the term "incendiary device" in the Superseding Indictment serves to give the defendant notice of the crime he is alleged to have committed. At trial, to convict the defendant, the Government will prove that the device placed at JGS meets the necessary statutory definition.

Because the term "incendiary device" – like the term "explosive," to which the defense does not object - is a basic part of the allegations against the defendant, and it also describes what the Government will prove at trial, the term is highly relevant. *See United States v. Lewis*, 40 F.3d 1325, 1346 (1st Cir. 1994) (affirming denial of motion to strike the words 'cocaine base' from indictment for controlled substance violations because the words gave notice to the defendant of the crimes alleged and because "identifying the substance at issue as cocaine base was an essential element of the government's case"); *see El-Silimy*, 228 F.R.D. at 58 ("Language in the indictment which is information the government, in good faith, intends to properly prove at trial cannot be stricken as surplusage, no matter how prejudicial it may be."). It is therefore not surplusage that may be stricken. *See United States v. Colburn*, 2020 WL 4275465 at *1 ("The determinative question in a motion to strike surplusage is not the prejudice, but the relevance of the allegation to the crime charged."). Moreover, for the same reasons the term is not surplusage, the Government should not be prevented from using the words "incendiary device" in its case-in-chief. The defendant's motion should be denied.

3.      Conclusion

For the foregoing reasons, the Government respectfully requests that Court deny the

defendant's Motion *In Limine* to Preclude the Government from Referring to the Fuel Container as

an "Incendiary Device" (Doc. 77).

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

By:    */s/ Risa Berkower*
RISA BERKOWER
(NY4536538)
Trial Attorney
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
202-305-0150
Risa.Berkower@usdoj.gov

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically
to the registered participants as identified on the Notice of Electronic Filing and paper copies will
be sent to those indicated as non-registered participants.

By:    */s/ Steven H. Breslow*
STEVEN H. BRESLOW

6

                                    Assistant U.S. Attorney

Dated:  October 19, 2020