UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-30018-MGM |
| | ) | |
| JOHN RATHBUN | ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO
MOTION TO EXCLUDE EXPLOSIVE DEVICE TESTIMONY AND
<u>REQUEST FOR DAUBERT HEARING [D.E. 105]</u>**

The government acknowledges that SSA Rigopoulos's opinion relies solely on the facts that (1) gasoline is an ignitable material, (2) a piece of paper can burn, and (3) because the two items were combined at the scene with a fuel container the "device" is *per se* an incendiary or explosive device. *Government's Opposition to Motion to Exclude Explosive Device Testimony and Request for Daubert Hearing* [D.E. 105] ("Gov't Opp.") at 6-7. And the government concedes that Rigopoulos did not conduct an independent test or rely on any other empirical data; instead, his tautological conclusion about the device is grounded on his unelaborated assertion that "he has seen this type of device before."[1] *Id.* at 7-8. Absent from the government's opposition is any methodology or reliable basis, scientific or otherwise, to support his conclusion. In short, the proposed opinion that the fuel container constituted an incendiary or explosive device relies wholly on the *ipse dixit* say-so of the examiner bereft of a methodology and with no empirical support and must be excluded as incompatible with *Daubert*, *Kumho Tire*, and Rule 702.

---

[1] Of interest, the government discloses for the first time that SSA Rigopoulos will concede "the likelihood of an explosion [of the fuel container] is low due to the design of this device." *Gov't Opp at* 7. Like Rigopoulos's other conclusions, the "likelihood" opinion appears untethered to any reliable methodology or underlying data. For example, there is no explanation for why the likelihood is "low," rather than "medium," or "high" or "nonexistent."

Even more troubling is the government's proposal that SSA Rigopoulos be permitted to testify that the fuel container had been "weaponized." *Id.* at 7. First, such a conclusion is not supported by laboratory analysis but by extraneous, nonscientific, subjective information about the crime scene, taking the conclusion outside of Rule 702 and instead simply opining about the evidence at trial.  Second, and more importantly, by testifying that the device was "weaponized," SSA Rigopoulos is implicitly, if not explicitly, commenting on the intent of the person "assembling" the components.  The use of rags or paper towels to close up the spout in a fuel container, for example, may simply be for the innocuous reason that the cap on the spout has been lost. To opine that the paper in the spout was put there to "weaponize" the device demands that one know the intent of whoever prepared that spout closure, an adventure that invades the province of the jury and is far afield from the device analysis SSA Rigopoulos was tasked to do.

*Daubert* and Rule 702 mandate that this Court conduct a searching inquiry of any proposed expert testimony to ensure it is reliable, relevant, and does not unduly confuse the issues. The proposed testimony is not and so is inadmissible under Rule 702 and excludable under Rule 403. The testimony and evidence must therefore be excluded. At a minimum, the Court must schedule a Daubert Hearing to determine the admissibility of the proposed testimony.

JOHN RATHBUN
By his attorneys,


*/s/ Timothy G. Watkins*
Timothy G. Watkins
Forest O'Neill-Greenberg
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

- 2 -

- 3 -

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 29, 2020.

*/s/ Timothy G. Watkins*
Timothy G. Watkins