**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **No. 20-CR-30018-MGM** |
| **JOHN MICHAEL RATHBUN,** | |
| **Defendant.** | |

GOVERNMENT'S MOTION *IN LIMINE* TO IMPEACH THE DEFENDANT WITH HIS
CONVICTION FOR FALSE STATEMENT TO A FEDERAL OFFICIAL

The United States of America, by and through its counsel, Andrew E. Lelling, United States Attorney for the District of Massachusetts, Steven H. Breslow and Neil Desroches, Assistant United States Attorneys, and Risa Berkower, Trial Attorney, United States Department of Justice (the "Government"), respectfully moves this Court *in limine* to permit the Government to impeach the defendant, if he testifies at his re-trial, with his November 23, 2020 trial conviction for false statement to a federal official, in violation of Title 18, United States Code, Section 1001, pursuant to Fed. R. Evid. 609(a)(2) and (e).

1.      Background

   a.      The Defendant's Charges

On October 15, 2020, the Grand Jury charged the defendant in a Superseding Indictment with three offenses related to the April 2, 2020 placement of an incendiary device at the entrance to Jewish Geriatric Services Lifecare, Inc. ("JGS"), a non-profit organization located at 770 Converse Street in Longmeadow, Massachusetts. The first count charged the defendant with Attempt to Transport and Receive, and Transportation and Receipt of, an Explosive in violation of 18 U.S.C. §§ 844(d) and 2; the second count charged him with Attempt to Damage and Destroy

Buildings, Vehicles, and Real and Personal Property by Fire and Explosive in violation of 18 U.S.C. §§ 844(i) and 2; and the third count charged him with False Statements To A Federal Official in violation of 18 U.S.C. § 1001.  D.82.

The Section 1001 charge alleged that on April 15, 2020, the defendant falsely stated:

> (1) he was not familiar with the location on Converse Street where the homemade incendiary device was placed; (2) he had not left his house in the past two weeks because of the COVID-19 pandemic; and (3) he only used the Internet to search for work, to use a dating application called Bumble, and to view pornography.  In truth and in fact, as the defendant well knew, his statements were false in that: (1) he was familiar with the location where the device was placed; (2) he had left his house during the early morning hours of April 2, 2020; and (3) he used the Internet to create numerous Facebook accounts in the name of aliases.

*Id.*

On October 30, 2002, the Court severed the defendant's third alleged false statement from the trial of the remaining counts (including the other two statements in Count Three).  D.110.

### b.    The Defendant's Trial And Re-Trial

On November 23, 2020, following an eight-day trial in which the defendant testified, the jury convicted the defendant under 18 U.S.C. § 1001.  Specifically, the jury convicted the defendant of the part of Count Three that alleged the defendant made a false material statement to the FBI about his whereabouts during the early morning hours of April 2, 2020.  D.192, 218.  The jury deadlocked on the remaining two counts and the first alleged false statement in Count Three, and the Court declared a mistrial on the deadlocked counts.  *Id.*

On November 25, 2020, the Court scheduled the defendant's re-trial for January 5, 2020, and on December 15, 2020, the Court rescheduled the re-trial until January 25, 2020.  D.196, 222.

### 2.    The Court Should Permit Impeachment Of The Defendant With His Conviction

In his first trial, the defendant testified and, among other things, denied assembling or

2

placing the homemade incendiary device at JGS on April 2, 2020.  The Government expects that at the re-trial, the defendant may again testify.  If so, the Government should be permitted to impeach him with his Section 1001 trial conviction.

Rule 609 requires the Court to allow the impeachment of any witness with a prior criminal conviction for a crime of dishonest.  Rule 609(a)(2) states in pertinent part:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: []
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving -- or the witness's admitting -- a dishonest act or false statement.

Fed.R.Evid. 609(a)(2) (emphasis added).  This rule applies to any witness, including a criminal defendant who testifies in his own defense.  *See* Fed. R. Evid. 609 (setting a different legal standard for impeaching a defendant with other types of felony convictions).

Because the jury convicted the defendant of Section 1001, the Court must permit impeachment of the defendant, should he testify again, with this conviction without conducting any Rule 403 balancing.  As the First Circuit stated:

> Without question, a conviction for lying to a government official is a crime of "dishonesty or false statement," and we have plainly held that district courts do not have discretion to exclude prior convictions involving dishonesty or false statements. *United States v. Tracy*, 36 F.3d 187, 192 (1st Cir.1994); *United States v. Kiendra*, 663 F.2d 349, 354 (1st Cir.1981) ("[W]e are driven by the force of explicit statutory language and legislative history to hold that evidence offered under Rule 609(a)(2) is not subject to the general balancing provision of Rule 403.").  [] Rule 609(a)(2) simply does not allow for any judicial discretion on this point.

*SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) (finding that the district court erred by preventing impeachment of the defendants with their Section 1001 convictions) (emphasis added).

Moreover, impeachment is mandatory even though the defendant's conviction has not yet

been finalized and reduced to a judgment.  Rule 609(e) states:  "Pendency of an Appeal. A conviction that satisfies this rule is admissible even if an appeal is pending. Evidence of the pendency is also admissible."  Fed. R. Evid.609(e); see Advisory Committee Notes to section (e) (stating "The presumption of correctness which ought to attend judicial proceedings supports the position that pendency of an appeal does not preclude use of a conviction for impeachment.").

Although the First Circuit has not yet addressed this issue, it is well settled in other circuits that "a verdict of guilty where judgment and sentence have not been entered is admissible for impeachment purposes where it otherwise meets the requirements of Fed.R.Evid. 609." *United States v. Klein*, 560 F.2d 1236, 1240 (5th Cir.1977); see *United States v. Smith*, 623 F.2d 627 (9th Cir. 1980); *United States v. Vanderbosch*, 610 F.2d 95 (2d Cir. 1979); *United States v. Duncan*, 598 F.2d 839 (4th Cir. 1979).

In light of this case law, under circumstances very similar to those presented in the instant case, in *United States v. Swan*, No. 12–CR–00027–JAW, 2013 WL 4806611 *4-5 (D. Me. Sept. 9, 2013), the district court held that Rule 609 required the court to permit the Government to cross-examine the defendant about a jury verdict of guilt on a false statement conviction.  In *Swan*, the defendant was indicted on charges of making false statements in federal tax returns and to obtain workers' compensation benefits, as well as on charges of Hobbs Act extortion.  The district court severed the false statements counts from the Hobbs Act extortion counts, and trial proceeded on the false statement charges first.  The jury convicted the defendant of the false statements charges, and the second trial commenced prior to the time at which that jury verdict became a final judgment.  The district court granted the Government's motion to impeach the defendant at the second trial with the jury verdict for the false statements conviction, on the ground that the Rule allows a defendant under such circumstances to admit evidence that the conviction is still subject

4

to appeal. *Id*. at \*4-5 ("[I]f the July 2013 convictions are otherwise admissible, the fact that they are not final and have not been reduced to judgment does not preclude their admission: "'A conviction that satisfies this rule is admissible even if an appeal is pending.' Fed. R. Evid. 609(e).").

Thus, while the defendant here also cannot preclude use of his conviction upon cross-examination, he can present evidence, pursuant to Fed. R. Evid. 609(e) that he retains the right to appeal it. *See id*.; *Vanderbosch*, 610 F.2d at 97; *Klein*, 560 F.2d at 1241. Similarly, the pendency of a Rule 29 motion cannot bar the use of the conviction, although the defendant can introduce evidence of the pending motion. *Smith*, 623 at 631 (holding that under Rule 609 a conviction can still be used to impeach even if there is a pending Rule 29 or similar motion).

3.    Conclusion

For the foregoing reasons, the Government respectfully requests that the Court rule *in limine* that the Government may impeach the defendant, should he testify again, with his November 23, 2020 Section 1001 conviction.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Steven H. Breslow*
       STEVEN H. BRESLOW
       (NY2915247)
       Assistant U.S. Attorney
       300 State Street, Suite 230
       Springfield, MA 01105
       413-785-0330
       steve.breslow@usdoj.gov

By:    */s/Neil Desroches*
       NEIL DESROCHES

5

(MA661357)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0398
neil.desroches@usdoj.gov

By:    */s/ Risa Berkower*
RISA BERKOWER
(NY4536538)
Trial Attorney
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
202-305-0150
Risa.Berkower@usdoj.gov

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:    */s/ Steven H. Breslow*
STEVEN H. BRESLOW
Assistant U.S. Attorney

Dated:  December 28, 2020

6