UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-30018-MGM |
| | ) | |
| JOHN RATHBUN | ) | |

**OPPOSITION TO GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE TO ADMIT "RELEVANT CONTEXT EVIDENCE" [D.E. 233]**

The government proposes to introduce a cavalcade of bad act evidence at trial in its effort to prove that Rathbun was so impaired by his "rampant substance abuse" that he therefore must have placed the fuel canister at JGS. *See Government's Supplemental Motion in Limine to Admit Relevant Context Evidence* ("Gov't Motion") [D.E. 233] at 17 - 18. Defendant opposes. The proffered evidence and testimony is irrelevant and, in any case, patently violates Fed. R. Evid. 404's prohibition on bad act and character evidence. It must therefore be excluded.

I.     **THE PROFFERED EVIDENCE AND TESTIMONY LACKS RELEVANCE AND IS UNDULY PREJUDICIAL**

The events the government seeks to introduce have no logical relevance to any issue at trial and must therefore be excluded.  Fed. R. Evid. 401, 402. As the Court is aware from the first trial of this matter, there will be no dispute of Rathbun's drug use at the time of the events at issue. But the government nevertheless seeks to vilify Rathbun by introducing a litany of bad act evidence – all of it temporally removed from the event at issue at trial – which it suggests will somehow shed light on Rathbun's motive and intent to place the canister at JGS on April 2. *Gov't Motion* at 18. But the government makes no serious attempt to argue how the admission of the bad act evidence is probative to either motive or intent. Instead, the government's argument makes quite the opposite point: the proposed evidence will demonstrate that Rathbun was "out of

his mind" and could not have properly "perceived and reacted" to the events around him, *id.* a position that is at odds with its obligation to show Rathbun harbored the specific intent to damage, destroy or injure JGS personnel or property. Moreover, the complete lack of probative value is compounded by the loaded nature of the tangential evidence, which invites an appeal to emotion, rather than an objective consideration of the actual charge in the indictment. *See United States v. Fulmer*, 108 F.3d 1486, 1497-98 (1st Cir. 1997) (reversing conviction where references to the Oklahoma City bombing, while of some probative value, tremendously outweighed by prejudicial impact); *United States v. Rodriguez-Cortes*, 949 F.2d 532, 541 (1st Cir. 1991)(reversing conviction where introduction of defendant's Colombian identification card, although relevant, presented impermissible danger of conviction on improper basis).

Rules 401 and 403 considerations alone compel exclusion of the proffered acts. Regardless of the probative value – which is zero - the evidence must also be excluded pursuant to Fed. R. Evid. 403.

## II.  THE EVIDENCE IS PROHIBITED BY FED. R. EVID. 404

Rule 404 is clear. It prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Yet that is precisely what the government intends the proffered testimony to do. *See Gov't Motion* at 14 (the proffered evidence must be admitted "to avoid misleading the jury that there is no explanation for [Rathbun's] actions"). Other than the mantra "state of mind," which, as noted above, appears to be the *lack* of a state of mind, the government makes no attempt to identify a 404(b) exception that would permit the otherwise inadmissible evidence, let alone the "special relevance" required for admission under Rule 404(b). *United*

*States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000)(to be admissible, 404(b) evidence must have both "special relevance" and not include bad character or propensity as a necessary link in the inferential chain). Worse yet, it is clear that the ultimate intent of the government's motion is to argue propensity: as the government puts it, evidence of Rathbun's prior heavy drug use, job behavior, and "out of control" life somehow translates to his intent to commit the charged offenses on April 2. *Gov't Motion* at 13-14. Independent of the complete lack of any probative value –there is none – and the impermissible danger of conviction on improper basis – which is high – the testimony must be excluded pursuant to the clear command of Fed. R. Evid. 404.

JOHN RATHBUN
By his attorneys,


/s/ Timothy G. Watkins
Timothy G. Watkins
Forest O'Neill-Greenberg
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061


## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 11, 2021.

/s/ Timothy G. Watkins
Timothy G. Watkins