**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Crim. No. 20-30018-MGM (S-1)** |
| **Plaintiff,** | |
| **v.** | |
| **JOHN MICHAEL RATHBUN,** | |
| **Defendant.** | |

GOVERNMENT'S STATUS REPORT CONCERNING COUNT THREE

The United States of America, by Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts and Assistant United States Attorneys Steven H. Breslow and Neil Desroches (the "Government"), hereby files the instant Status Report concerning Count Three of the above-captioned Superseding Indictment, pursuant to the Court's order at the pre-trial hearing dated May 17, 2021 (D.294).

Count Three charged the defendant with two False Statements To A Federal Official in violation of 18 U.S.C. § 1001 concerning: (1) his knowledge of the location where the homemade incendiary device was found; and (2) his whereabouts on April 2, 2020. (D.82).

On November 23, 2020, the jury convicted the defendant of the second statement in Count Three. (D.192, 218). The jury deadlocked on both Counts One and Two as well as the first alleged false statement in Count Three. *Id.*

The Government may proceed in this context to retry the defendant on the alleged false statement that the jury could not resolve. S*ee, e.g.*, *United States v. Rivera*, 77 F.3d 1348, 1350 (11th Cir. 1996) (*per curiam*) (holding that the Double Jeopardy Clause did not preclude the Government from retrying the defendant on the portion of a count, which alleged possession of a firearm on two different dates, to which the jury failed to reach a decision, when the jury

acquitted the defendant on the other portion); *United States v. McCourty*, 562 F.3d 458, 473-75 (2nd Cir. 2009) (holding that a "defendant may be retried for a portion of the count to which he was neither acquitted nor convicted provided the jury is particular about its findings with respect to the different theories of liability contained in that count.").

Similarly, in *United States v. Feldman*, 931 F.3d 1245, 1250 (11th Cir. 2019), the defendant was charged with one count of conspiracy to commit money laundering, 18 U.S.C. § 1956(h), both by means of financial transactions to conceal the nature and source of illegal proceeds (18 U.S.C. § 1956(a)(1)(B)(i)) and by the international transmission of funds to promote unlawful activity (18 U.S.C. § 1956(a)(2)(A)). The jury verdict form provided three options for this count: (1) Guilty (Concealment of Payments); (2) Guilty (Transmitting and Receiving Funds Internationally); and (3) Not Guilty. *Id.* at 1251. The defendant convicted the defendant of the second option, and left the first and third options blank. *Id.* The Eleventh Circuit reversed that conviction on unrelated grounds, and the Government retried the defendant with the same money laundering conspiracy count. *Id.* at 1251-52. At the retrial, the jury convicted the defendant of the money laundering conspiracy count, this time as to both objects. *Id.* at 1253. The defendant appealed, contending that he was twice put in jeopardy for conspiracy to commit concealment money laundering because the jury at his first trial did not find that he was guilty under that theory of the money-laundering-conspiracy charge. Id. at 1254. The Eleventh Circuit noted that at the first trial, the defendant never objected to the district court's instruction that the jury could convict if it found him guilty of either, or both, of the money laundering conspiracy objects. *Id.* at 1257. The Eleventh Circuit thus held that Double Jeopardy Clause did not bar his retrial on the concealment-based theory of conspiracy to commit money laundering that the first jury had left unresolved. *Id.*

Nonetheless, for prudential reasons, the Government will not be proceeding to retry the defendant on that part of Count Three that had resulted in a mistrial.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:   */s/ Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

By:   */s/ Neil Desroches*
NEIL DESROCHES
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
neil.desroches@usdoj.gov

Dated:   May 25, 2021

## Certificate of Service

I hereby certify that this document filed under seal will be sent by e-mail to the registered participants as identified on the Notice of Electronic Filing.

By:   */s/ Steven H. Breslow*
STEVEN H. BRESLOW
Assistant U.S. Attorney