UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-30018-MGM |
| | ) | |
| JOHN RATHBUN | ) | |

## MOTION IN LIMINE RE: RULE 404(b) EVIDENCE

The government has orally notified the defense of witnesses it intends to call to testify to

defendant's termination from All Energy Solar and to the Chicopee hotel event, both of which

took place in early March 2020, a month before the fuel container was recovered at Jewish

Geriatric Services. Defendant incorporates and reiterates his objection to any testimony

regarding prior bad acts because the testimony lacks relevance, its low probative value is far

outweighed by unfair and incurable prejudice, and it patently violates Fed. R. Evid. 404's

prohibition on bad act and character evidence. *See Defendant's Opposition to Government's

Supplemental Motion In Limine to Admit "Relevant Context Evidence"* [D.E. 242.] Defendant

recognizes that the Court has preliminarily ruled that the government may introduce some

evidence as to Rathbun's losing his job and the Chicopee motel event. *See Order Allowing-In-

Part and Denying-In-Part Government's Supplemental Motion in Limine to Admit Relevant

Context Evidence* [D.E. 266]. The government, however, wants more. It seeks to admit

statements made upon defendant's termination at All Solar, and to admit testimony and exhibits

regarding the Chicopee motel event that is inadmissible quite aside from the Court's ruling. In

any event, the extra testimony sheds little or no light on Rathbun's state of mind a month later

and is designed only to tar Rathbun in the eyes of the jury. *See Buck v. Davis*, 137 S.Ct. 759, 788

(2017)("Our law punishes people for what they do, not who they are."). Defendant objects to the following witness testimony and any associated exhibits the government seeks to introduce[1]:

## 1. Rathbun's Termination from All Energy Solar

The government has indicated it will call **Alfred Alschuler**, the branch manager at All Energy Solar. He will testify that Rathbun was fired in early March because of admitted drug use on the job. This testimony is consistent with the Court's ruling in D.E. 266. The government, however, also seeks to admit the fact that Rathbun initially denied intoxication to Alschuler. Rathbun's initial statement denying intoxication, which has nothing to do with the event at issue in the indictment and says nothing about Rathbun's state of mind a month later, lacks relevance and is inadmissible. Fed. R. Evid. 401. To the extent the government wishes the jury to infer from the first statement denying intoxication that Rathbun is a liar, the testimony is barred by Fed. R. Evid. 608(b) (prohibiting extrinsic evidence of specific instances of untruthfulness).

## 2. The Chicopee Motel Event

The government has indicated it will call two witnesses and play a 911 call by Rathbun regarding the event. **Prezemslaw Szura** is the Chicopee Police Officer who answered the 911 call and will testify about his interaction with Rathbun when he arrived. He will testify that after failing to find anyone breaking into Rathbun's van and talking with Rathbun, he left. Such testimony appears consistent with the Court's ruling. The government has indicated, however, that it also intends to have Szura testify that he considered whether he was going to have to put Rathbun into protective custody but ultimately decided against it. He will also, according to the

---

[1] The government's exhibit list includes several facially inadmissible exhibits related to the two events. The government has indicated that, regardless of whether the witnesses are permitted to testify, it will not seek to admit any exhibits related to the events other than the 911 call made by Rathbun from the Chicopee motel.

government, characterize Rathbun's behavior as strange. Szura's internal thoughts and characterizations of Rathbun a month before the JGS event exceeds the Court's admonishment that only "observed behavior" is relevant.

The second witness, **Dana Graham,** was, at the time, a friend who was likewise using drugs in the Chicopee motel room. She will testify that Rathbun was looking out the window and became obsessed with the thought that someone was breaking into his truck. She did not observe anyone herself. He called the police even though she said not to and so she hid in a closet. To this point, Graham's testimony appears consistent with the Court's ruling.

The government has indicated, however, that it also intends to have Graham opine about her own experience with cocaine psychosis and hallucinations and to testify that Rathbun's behavior that night was consistent with her own. Further, the government intends to have Graham opine that Rathbun might have committed the offense because he was hallucinating. Graham's own experience with cocaine psychosis and opinions about Rathbun's behavior that night and a month later is patently inadmissible. Fed. R. Evid. 701, 702.

Finally, the government has further indicated that Graham will testify to her familiarity with drug recovery, rehab facilities, and the place of religious and spiritual beliefs in recovery. She will testify, according to the government, about other occasions the two were together. This additional testimony lacks relevance and must be excluded. Fed. R. Evid. 401.

## <u>REQUEST FOR VOIR DIRE</u>

Unlike other evidence and testimony, evidence of other crimes, wrongs, and acts are neither presumed relevant nor automatically admissible. *See United States v. Mohel*, 604 F.2d 748, 751 (2nd Cir. 1979); *United States v. Halper*, 590 F.2d 422, 431-32 (2nd Cir. 1978); *United States v. Cohen*, 544 F.2d 781, 785 (5th Cir. 1977). The government bears the burden of proving

that the 404(b) evidence meets all the requirements governing its admissibility, including proof that the evidence is relevant to one or more issues in case. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); *United States v. Yeagin*, 927 F.2d 798, 803 (5th Cir. 1991) ("A trial judge faced with the problem of admissibility of other crimes evidence should exercise caution and should require the government to explain why the evidence is relevant and necessary on a specific element that the government must prove."). Given the tangential nature of both the All Energy Solar firing and the Chicopee motel event to the actual charges, the Court should exercise extreme caution before admitting it. For this reason, defendant requests that the Court conduct a *voir dire* of the three proposed witness's testimony to insure its relevance and necessity.

**CONCLUSION**

For the foregoing reasons, this Court should preclude the government from presenting any of the testimony sought from the three witnesses. Should it continue to hold to its ruling permitting some testimony of prior bad acts, the Court should conduct a *voir dire* hearing to insure the scope of the testimony is properly limited.

JOHN RATHBUN
By his attorneys,

*/s/ Timothy G. Watkins*
Timothy G. Watkins
Forest O'Neill-Greenberg
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 2, 2021.

*/s/ Timothy G. Watkins*
Timothy G. Watkins
