**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **No. 20-CR-30018-MGM (S-1)** |
| **JOHN MICHAEL RATHBUN,** | |
| **Defendant.** | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE THE TESTIMONY OF CHAIM KOSOVSKY

The United States of America, by and through its counsel, Nathaniel R. Mendell, Acting

United States Attorney for the District of Massachusetts, Steven H. Breslow and Neil L.

Desroches, Assistant United States Attorneys (the "Government"), respectfully opposes the

defendant's Motion In Limine To Exclude Proposed Witness Chaim Kosovsky.

For the reasons set forth below, Kosovky's testimony is admissible, directly relevant to an

element of one of the offenses, and not unfairly prejudicial.  Consequently, it should be admitted.

1.      Kosovsky's Testimony Should Be Admitted

Count One charges that on April 2, 2020, the defendant "did attempt to transport and

receive, and did transport and receive, in interstate and foreign commerce, an explosive with the

knowledge or intent that it will be used to kill, injure, and intimidate any individual and unlawfully

to damage or destroy any building, vehicle, or other real and personal property," in violation of 18

U.S.C. §§ 844(d) and 2.  (D.82).

On May 26, 2021, the Court entered an Electronic Order precluding Kosovksy from

testifying about his reaction to the discovery of the device at JGS.  (D.303).  The Court reasoned

that the Government could establish the element of intimidation in Section 844(d) by "evidence,

including population density in the neighborhood, proximity of homes to the container, and the characteristics of the container."

Kosovksy is expected to provide the following testimony:

a.      He is a Rabbi and teacher at the Lubavitcher Yeshiva Academy ("LYA", a Jewish school located on Converse Street near to Jewish Geriatric Services, Inc. ("JGS"), the Jewish nursing home complex where the device was placed. Kosovksy regularly provides pastoral care and other services to individuals at the complex.

b.      In addition, Kosovksy lives directly across the street from the driveway entrance to JGS where the device was placed.  On April 2, 2020, Kosovksy was home with his wife, their adult children, and their grandchildren.

c.      Kosovksy will explain the various buildings that comprise the nursing home campus, including Ruth's House (an assisted living center) and Genesis House (a subsidized elder housing complex that was closest to the device).   Kosovky will also testify that the sidewalk and street are frequently traveled.

d.      Kosovksy will testify that JGS, LYA, and other Jewish institutions are prominently located along Converse Street and that the neighborhood contains many observant Jews who use the sidewalk (including the location where the device was placed) to walk back and forth on holidays and the Jewish Sabbath.  For example, he will testify that the PVTA buses that stop at JGS have marquees that display "Jewish Nursing Home."

The Government intends to call Kosovksy for two principal purposes.  First, Kosovksy will testify to the first two items of evidence specified in the Court's Order ("the population density in

the neighborhood" and the "proximity of homes [including his own] to the container").  Second,

Kosovsky will testify as the prominence and visibility of the Jewish nursing home complex and

the other Jewish institutions on Converse Street.  This latter testimony will help establish that a

critical statement the defendant made to Special Agent McGonigle on April 15, 2020 – that he was

not familiar with the Jewish nursing home complex where the device was paced[1] – was false, and

intentionally so.

2.    Conclusion

For the foregoing reasons, the Government respectfully requests that the Court admit the

testimony of Chaim Kosovksy as outlined above.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:    */s/ Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

---

[1] This particular statement was charged as a Section 1001 violation in Count Three. Although the Government is not pursuing Count Three in the retrial, the Government will contend that the defendant falsely denied being familiar with this location and that the false statement should be considered evidence of his consciousness of guilt concerning his placement of the device.

3

By:      */s/Neil Desroches*
NEIL DESROCHES
(MA661357)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0398
neil.desroches@usdoj.gov

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:      */s/ Steven H. Breslow*
STEVEN H. BRESLOW
Assistant U.S. Attorney

Dated:  June 3, 2021

4