UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION


United States of America    )
                            )            20cr30018-MGM
        vs                  )
                            )         February 12, 2021
John Michael Rathbun        )
_____)


TELEPHONE HELD BEFORE THE

HONORABLE JUDGE MARK G. MASTROIANNI.


APPEARANCES:


On behalf of the government:  Neil L. Desroches, Assistant United States Attorney, 300 State Street, Suite 230, Springfield, MA 01105.

Steven H. Breslow, Assistant United States Attorney, 300 State Street, Suite 230, Springfield, MA 01105-2926.


On behalf of the defendant: Timothy G. Watkins, Esq., 51 Sleeper Street, 5th Floor, Boston, MA 02210.

Forest J. O'Neill-Greenberg, 51 Sleeper Street, 5th Floor, Boston, MA 02210.


Alice Moran, CSR, RPR, RMR
Official Federal Court Reporter
United States Courthouse
300 State Street, Room 303D
Springfield, MA 01105
(413)731-0086
alice.moran@verizon.net

**(Telephone hearing commenced at 11:20.)**

CLERK RIVERA:  In the matter of criminal matter 20-30018, the United States of America versus John Michael Rathbun.

Counsel, I'm going to ask you to identify yourself for the record starting with the government please.

ATTORNEY DESROCHES:  Good morning, Your Honor. Neil Desroches on behalf of the United States.

ATTORNEY BRESLOW:  Good morning, Your Honor. Steven Breslow for the United States.

ATTORNEY WATKINS:  Good morning again.  Tim Watkins, Federal Defender Office on behalf of John Rathbun.

ATTORNEY O'NEILL-GREENBERG:  Good morning, Your Honor.  Forest O'Neill-Greenberg also for Mr. Rathbun.

THE COURT:  Very good.

Okay.  So, Attorney Watkins, what do you think would be a reasonable -- you know, looking at how long it's going to take to do *Sylvestre* and then obviously a couple days or a week, whatever you need, to kind of gear up for the next one?  What would you propose for a date?

ATTORNEY WATKINS:  Your Honor, just as an initial matter, as in *Sylvestre*, I would say we're ready for trial except for the briefing on the *Daubert* issue and the court's resolution of the *Daubert* issue.  I think

other than that, we're ready for trial.

Once again, I would say from Mr. Rathbun's point of view where he's detained and that the court has taken measures in the past trial to limit the exposure to COVID-19, along with the fact that detainees at Hampden County are becoming vaccinated, that we actually could accommodate a trial date sooner than March 29th. Without reiteration what I said in *Sylvestre*, I believe the *Sylvestre* matter would, at most, take one week and so we could start trial as shortly thereafter as the court thinks is appropriate.

THE COURT: All right. So Ms. Rivera, looking at the docket, why don't you just put us in a spot that you think will work.

CLERK RIVERA: That would be before March 29th, judge?

THE COURT: No, after the *Sylvestre* trial.

CLERK RIVERA: Okay.

THE COURT: So the record is clear, I'm finding that the interests of justice require the Rathbun case to go -- Rathbun to go after the standing order is lifted. There's a current standing order posing in-person proceedings that expires March 29th.

The interests of justice are the health considerations regarding the COVID-19 pandemic, the safety

of court staff, jurors, the defense, the defendant, defense attorneys and the prosecution attorneys, as well as clerk's office, stenographers, and everyone else who will be in attendance at the trial or any gatherings of a large group of people, which would be -- to fill that courtroom, including court security and everyone that will be in there, we are going to be in the 25 to 28 people in court range.  That's with limitations.  That is still going to be a courtroom limitation of the number of people in court.

So in the interest of justice, given the public health crisis and the court's standing orders and as well as the general order of the court, which in the past has affected the ability to conduct court business, I'm finding the interests of justice support the denial of Attorney Watkins', the defense, request for a sooner trial.

So having said that, Ms. Rivera, can we have a date and then we will see what the government says?

CLERK RIVERA:  We can start impanelment Monday, April 5th.

THE COURT:  Is Monday a good day to start or do generally we start impanelment on Tuesday?  Monday is fine with me.

CLERK RIVERA:  In the past we had changed

practice to start impaneling Thursdays and Fridays but being that we have *Sylvestre* the week before, just to give -- actually, I'm sorry, it's not going to be the 5th. It's going to be the 12th, Monday, April 12th.  We start impaneling on March -- go ahead.

ATTORNEY WATKINS:  No.  Ms. Rivera, please finish out.  I think you read my mind already.

CLERK RIVERA:  We finish -- we start impaneling on *Sylvestre* Wednesday, March 31st, and I'm thinking that it will take us through Friday, April 2nd and then finish off the following week with that trial.  Give us some time and parties time to prep and then start off on Monday, April 12th for impanelment on Rathbun.

THE COURT:  All right.  Attorney Watkins, is that what you were thinking too?

ATTORNEY WATKINS:  I was actually thinking we can start impanelment as soon as March 7th.  *Sylvestre,* once we get a jury, it's going to be very, very quick.  It would not be surprising to me if that case were finished on Monday the 5th, the 6th at the latest.  That would be including verdict.

CLERK RIVERA:  Then in that case then I say, Your Honor, we start -- we'd give everyone a day in between and we'd start impanelment Thursday, April 8th.

THE COURT:  Did we impanel the last time -- of

course, this is a retrial of Rathbun.  The last time did we impanel in two days?

CLERK RIVERA:  Yes, we did.

ATTORNEY WATKINS:  I think it might have gone to three.

ATTORNEY DESROCHES:  Your Honor, I do think it went into a third day.

CLERK RIVERA:  Okay.

THE COURT:  Right.  I mean, I'm fine with starting on the 9th.  I think it's too close to that other trial if we say that we're going to start on the 7th.

CLERK RIVERA:  This is why I would propose the 8th instead which is Thursday.  It gives us two full days.

THE COURT:  Right.

CLERK RIVERA:  Thursday and Friday.

THE COURT:  Sure.  I think that makes more sense.

CLERK RIVERA:  Okay.

THE COURT:  Now witness availability, is that a date that everyone thinks they can work with, both sides?

ATTORNEY DESROCHES:  Your Honor, from the government's perspective, we obviously haven't had a chance to check with the witnesses prior to this date.  I believe that this will give us enough time for witnesses

to make plans accordingly.

So as of right now I'm confident in saying that I'm hopeful that that date will work.  If there is some work issue we can't work around, we will bring it to the court's attention immediately.

THE COURT:  So Rathbun will start jury 4/8.  The case before that will start --

CLERK RIVERA:  -- 3/31.

THE COURT:  Right.  All right.

I will note now regarding the excludable delay speedy trial issue, the court presently has two individuals, Mr. Rathbun's case is presently before us and Mr. Sylvestre's case we just heard and scheduled, those are the only two defendants that have been held throughout this and have struggled -- and the court has struggled but certainly they have struggled as individuals who are held having their dates changed and moved.

Mr. Rathbun did have his trial.  It was a hung jury and so this will be his retrial that we are trying to schedule.  But I made a note in the *Sylvestre* case and I want to make a note in this case that of those two individuals, Mr. Sylvestre has been held longer.  And so therefore, when the court's current standing order is lifted, that current standing order that prohibits any in person proceedings is lifting on March 29th, the first

trial after that will be Mr. Sylvestre who has been held the longest and then the second trial the court will undertake is Mr. Rathbun.

So any civil trials that we have, and I think we have two, anything else that would be scheduled before that or conflicting with the criminal cases are being moved. Criminal cases are obviously taking precedence.

All right. Do we need a scheduling -- do we need to schedule dates or do we already have dates we all need for the *Daubert* issue, Attorney Watkins and Attorney Desroches?

ATTORNEY WATKINS: Your Honor, the latest is I'm going to file my motion, my *Daubert* motion, by next Friday. I don't know whether the government anticipates a response after that, but I do think that might be something the court might want to hear evidence on as it did with the last proposed evidence -- proposed expert by the government.

THE COURT: So do you have -- do we have filing dates? We have a date you're filing by? The government's response date? Do we have those on the docket right now?

ATTORNEY WATKINS: On the docket is my filing date of next Friday, February 19th.

THE COURT: Okay. And the government's response is what?

ATTORNEY DESROCHES: We would ask for two weeks, Your Honor, per the rules.

THE COURT: All right. Ms. Rivera, a potential hearing date? When I say potential, I need to look at the papers and see if I think we need a hearing. I think we should schedule the potential of one full-day potential hearing on that.

CLERK RIVERA: What week are we looking at, judge, and counsel?

THE COURT: Well, so a week after the government files its response.

CLERK RIVERA: Okay.

THE COURT: They get two weeks after it's filed by defense.

CLERK RIVERA: Attorney Watkins, when is your deadline?

ATTORNEY WATKINS: I'm to file by the 19th of this month. If the government truly needs every day of those two weeks, then we are into early March.

CLERK RIVERA: March. Okay.

ATTORNEY BRESLOW: That would be March 5th, Your Honor. I mean, Ms. Rivera.

CLERK RIVERA: Thank you. We can have a hearing on Friday, March 12th at 12:30 p.m.

THE COURT: All right.

CLERK RIVERA:  Does that work for everyone?

THE COURT:  What else is on that date?  Do we have time to start earlier?

CLERK RIVERA:  We don't.  We have a sentencing at ten and a status at 9:30 a.m.  We can do 12 o'clock if that works for everyone, 12 o'clock.

THE COURT:  If we needed a further date of March 15th or 16th, is there time that day if we needed it?

CLERK RIVERA:  I can check.  Yes, we have March 15th.  That's totally open and so we can do 9:30 if you'd like.

THE COURT:  If we have a hearing, this would be a Zoom hearing; is that correct?

CLERK RIVERA:  Correct.

THE COURT:  All right.

CLERK RIVERA:  So we will set it for Monday, March 15 at 9:30 a.m. via Zoom.

THE COURT:  Well, we'll start it Friday.  We will do what we can on Friday and then reserve some time on Monday if we need it.

CLERK RIVERA:  Okay.  Perfect.

Does that work for everyone?

ATTORNEY DESROCHES:  That works for the government.

ATTORNEY WATKINS:  And for the defendant.

THE COURT:  Okay.

CLERK RIVERA:  So Friday, March 12th at 12 p.m.

THE COURT:  Very good.  Thank you.

CLERK RIVERA:  Thank you, everyone.

ATTORNEY WATKINS:  Judge, one more thing.

ATTORNEY DESROCHES:  From the government's perspective, Your Honor, I don't have the docket in front of me but it has been our intention and remains to be to exclude all of the time from as far back as the last trial.  So we would be filing something to exclude this period as well.

THE COURT:  All right.  I think I've already made a record regarding the court's position on the excludable delay, which should be noted in the clerk's log.  I know that Attorney Watkins articulated very well an objection to that and claimed Mr. Rathbun's rights under speedy trial.

So go right ahead.  You can make your record, Attorney Watkins.

ATTORNEY WATKINS:  Yeah, it would be much the same as Mr. Sylvestre, but I will repeat it here as well.

There has been no order of excludable delay since, as far as I can tell, last September.  So that means in our view at the end of the last trial is when the Speedy Trial Act clock began, and Mr. Rathbun has consistently, I would

say vehemently, asserted his right to have the case tried.

The case is ready for trial.  The court can and should take measures to try the case as soon as possible. It is obviously in flux right now about what is appropriate in court.  I would note that the governor has relaxed some of the measures that were in place even during the last trial I believe.  That the congregant settings standards had been relaxed somewhat so that we could have a trial sooner than the case is presently scheduled for.

So for those reasons I would say there is -- it's not in the interest of justice to continue this matter all the way into April.

THE COURT:  All right.  And as I said in the case before, the *Sylvestre* case, the question to the defense would be how would we in a health pandemic, an unprecedented situation, be doing any more to get Mr. Rathbun a trial than we have already tried to do, which was a completely health Covid-modified trial the last time we were in court.

That was a -- as we know, there's now going to be a retrial, but the COVID numbers and the health effect of large gatherings of people, such as it would be present with a jury trial, significantly changed over the holiday season, Thanksgiving, Christmas, and New Years.

With the expected increase in numbers, which there was, there was then the detection of variants, two variants, that were detected to be another issue that there was a concern about. Of course, while that was all going on was the rollout of vaccines, which did not roll out entirely smoothly and is still having issues. So we don't know the level of vaccination for the potential jury pool, for the court staff, the defense attorneys, the court security officers, the prosecution, everyone else that would need to be in court. So there is presently a standing order from this court which rules out any in court -- any in person proceeding until March 29th because of all these health concerns.

One of the main drivers behind this latest standing order was the variant, was a new variant which had been announced when that order was put in place and continues to be represented by our healthcare officials that that new variant poses issues regarding being more transferable. And there's a lot of unknowns about that and unknowns about gatherings. There continues to be more information about that. People are continuing to get vaccinated.

The situation is obviously, as you said, Attorney Watkins, still in flux, but this unprecedented issue and public safety, public health presents just this very

difficult question regarding speedy trial rights and the interest of justice.

But I am making a finding that there was no safe public health way, given the combination of standing orders and general court orders and the development of COVID-19 over the holiday season, to give Mr. Rathbun a trial any sooner. And the court is endeavoring, as much as it possibly can, to give held criminal defendants precedent over anything else we are doing once we are back in court and the standing order is up on March 29th.

When that was set, that was an estimate as to when it might be safe and healthy with a lot of precautions put in place. I still hope that that is the case, but as we all know there could be another announcement from public health officials regarding some new development. I really hope that any new announcements are positive. I'm just pointing out that we already have turned the corner on this but we will see.

So I'm denying the request -- well, I should say, I'm sorry. I'm allowing the government's request for excludable delay. I'm denying what I take as the defense request for a dismissal of this case. I'm only saying that, but that was the defense argument in the last case. You were indicating that the defense position was there should be a dismissal because of noncompliance with a

speedy trial. So to the extent the defense is making that argument here, I'm denying that request.

Did I essentially state that correctly for the defense position, Attorney Watkins?

ATTORNEY WATKINS: You did. Thank you, Your Honor.

THE COURT: All right. And the defense has been aggressive in preserving Mr. Rathbun's rights under speedy trial and objecting to any excludable delay, and so there is a clear record of that.

All right. So we have our dates and I'll be talking to the parties again, if we need to, on the *Daubert* issue.

All right. Anything else?

ATTORNEY DESROCHES: Not from the government. Thank you, Your Honor.

ATTORNEY WATKINS: Not from the defendant. Thank you.

THE COURT: All right. Very good. Thank you everyone.

CLERK RIVERA: Thank you, everyone.

**(Hearing concluded at 11:40.)**

-------------------------

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS    )

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. This transcript was prepared to the best of my ability via a telephone conference held by the Court.

(The certification of this transcript does not apply to any reproduction of this transcript, unless under the direct control and/or supervision of the certifying reporter.  I assume no responsibility for the accuracy of any reproduced copies not made under my control or direction.)

/s/ Alice Moran                        June 7, 2022
Alice Moran, RMR, RPR
Federal Official Court Reporter